UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BUFFALO EMERGENCY ASSOCIATES, LLP,
EXIGENCE MEDICAL OF BINGHAMTON, PLLC,
EXIGENCE MEDICAL OF JAMESTOWN, PLLC,
and EMERGENCY CARE SERVICES OF N.Y., PC,

   v.            **DECISION AND ORDER**
                  19-CV-1148S

UNITEDHEALTH GROUP, INC.
UNITEDHEALTHCARE OF NEW YORK, INC.,
UNITEDHEALTHCARE INSURANCE CO. OF N.Y.,
UNITEDHEALTHCARE, INC.,
UNITEDHEALTHCARE SERVICES, INC.,
JOHN DOES 1-10, and
ROE ENTITIES 11-20,

     Defendant.

   This matter involves the plaintiff physicians' claims that the defendant insurance entities are illegally underpaying them for medical services provided to their insureds. Defendants have moved to dismiss Plaintiffs' complaint.  (Docket No. 10.)   Presently before this Court are Plaintiffs' motion for a scheduling conference and scheduling order and Defendants' motion for stay of discovery.  (Docket Nos. 34, 40.)  For the reasons stated below, this Court finds good cause to grant Defendants' motion and to stay discovery pending resolution of Defendants' motion to dismiss.

   The standard governing stays of discovery has been succinctly stated in this district as follows:

> A district court has discretion to stay discovery pursuant to Rule 26 (c) of the Federal Rules of Civil Procedure, upon a showing of good cause.  Mirra v. Jordan, No. 15-CV-4100

1

>  (AT)(KNF), 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) (citing Hong Leong Finance Limited v. Pinnacle Performance Limited, 297 F.R.D. 69, 72 (S.D.N.Y. 2013)).  "In determining whether good cause exists for a stay of discovery, three factors are considered: (1) the strength of the dispositive motion; (2) the breadth of the discovery sought; and (3) the prejudice a stay would have on the non-moving party." Lithgow v. Edelman, 247 F.R.D. 61, 62 (D. Conn. 2007). "'The party seeking a stay of discovery bears the burden of showing good cause.   The pendency of a dispositive motion is not, in itself, an automatic ground for a stay.'"   Mirra, 2016 WL 889559, at *2 (quoting Morien v. Munich Reinsurance America, Inc., 270 F.R.D. 65, 66-67 (D. Conn. 2010)).

Reyes-Herrera v. Flaitz, 6:19-CV-6257-MAT, 2020 WL 871264, at *8 (W.D.N.Y. Feb. 20, 2020).

Having considered the parties' arguments, and having weighed the considerations set forth above, this Court finds that Defendants have demonstrated good cause for a stay of discovery pending resolution of the pending dispositive motion.   Defendants have filed a comprehensive motion to dismiss that, at the very least, may shape the number and nature of the claims going forward in a manner that could significantly impact the breadth of discovery.   Thus, to proceed to discovery now, in what appears to be a complex, document-rich case, could lead to unnecessary expenditures of time and resources.   See Barnes v. County of Monroe, No. 10-CV-6164, 2013 WL 5298574, at *2 (W.D.N.Y. Sept. 19, 2013) (staying discovery in part because "[i]n light of the pending dispositive motions, the need for further discovery is not inevitable").   So too, Plaintiffs are not unfairly prejudiced by a stay under these circumstances, particularly because money damages, not equitable relief, is at stake.   Consequently, consistent with the long custom in this court of staying discovery pending resolution of motions to dismiss,

2

Defendants' motion is granted, and Plaintiff's motion is denied.

IT HEREBY IS ORDERED, that Defendants' Motion to Stay Discovery Pending Resolution of the Motion to Dismiss (Docket No. 40) is GRANTED.

FURTHER, that Plaintiff's Motion for a Scheduling Conference and Scheduling Order (Docket No. 34) is DENIED.

FURTHER, that discovery in this action is STAYED pending resolution of Defendants' Motion to Dismiss.

SO ORDERED.

Dated:      June 16, 2020
            Buffalo, New York

                                                    s/William M. Skretny
                                                    WILLIAM M. SKRETNY
                                                    United States District Judge